# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| AKWASI O. SAWYER, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:09-CV-376-RWS |
| STATE OF MISSOURI, | ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus, which the Court will liberally construe pursuant to 28 U.S.C. § 2241. Petitioner, a pretrial detainee at St. Louis City Justice Center, has filed his petition on the ground that he is being held on excessive bond. The petition will be summarily dismissed.

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." Id. Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. Id. "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings." Blanck v. Waukesha County, 48 F. Supp. 2d 859, 860 (D. Wis. 1999). The grounds raised by petitioner do not constitute the "special circumstances" required for a finding that

he has exhausted his available state remedies. The claims raised by petitioner can be adequately raised both at the trial level and in subsequent state proceedings, if necessary. As a result, the Court will deny the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this  25 th  Day of  March , 2009.

_____
UNITED STATES DISTRICT JUDGE